## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CR-0268-004-CVE** |
| | ) | |
| **JONATHAN MICHAEL GRIFFIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Now before the Court is defendant Jonathan Michael Griffin's motion for a <u>James</u> Hearing (Dkt. # 71).  Defendant requests a hearing to determine the admissibility of certain out-of-court statements made by alleged coconspirators or co-defendants in this case against defendant pursuant to Federal Rule of Evidence 801(d)(2)(E).

### I.

On March 24, 2021, a grand jury returned a second superseding indictment alleging that defendant and four others participated in a conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(C) (count 2).  Dkt. # 88.  Defendant asks the Court to conduct a pretrial hearing to determine whether coconspirator statements will be admissible at trial.  Dkt. # 71.

Plaintiff responds (Dkt. # 76) that a hearing is not required and that the evidence establishing admissibility of the statements against defendant Griffin is "strong and straightforward."  Dkt. # 76, at 1.  Plaintiff explains that the evidence will show that the defendants were conspiring to smuggle methamphetamine into the prison in which Carter was incarcerated in order for Carter to sell the

methamphetamine.  Plaintiff then details that it intends to introduce the following evidence in support of defendant Griffin's involvement:  i) testimony detailing that defendant (and inmate) Griffin's prison job as a custodian afforded him unique access to the visitation area of the prison, including the public women's bathroom, on January 22, 2020; ii) testimony from a prison employee that he found 3.41 grams of methamphetamine in a trash can in the public women's restroom on January 22, 2020; and iii) testimony from an investigator who monitored communications amongst the various defendants to and from the prison, who told the prison employee to check the aforementioned trash can for methamphetamine on January 22, 2020, after suspecting that defendants had deposited the drugs therein.  Id. at 3-6.

Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)).  For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded.  United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983).  A court "can only admit coconspirator statements if it holds a James hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)).  A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed.  Owens, 70 F.3d at 1124-25.  If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the

2

requirements of the Confrontation Clause of the Sixth Amendment are also satisfied.  United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

There is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of coconspirator statements.  The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing.  United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998).  However, the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial.  United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994).

In this case, the indictment alleges that five defendants engaged in a conspiracy to distribute methamphetamine in a prison.  Two defendants have already pleaded guilty to that charge.  Dkt. ## 83 (Littlefield),  127 (Freeman).  A third defendant pleaded guilty to a new information, and the charges against that defendant  in the second superseding indictment were dismissed.  Dkt. # 116 (Lewis).  Therefore, Griffin and Carter are the last two defendants with pending charges in this matter.

There are three pending counts before the Court in this matter: count 1, possession of methamphetamine with intent to distribute, and count 4, assault resulting in serious bodily injury in Indian country, are brought against only defendant Carter.  Count 2, the conspiracy charge, remains pending against both defendant Carter and defendant Griffin, but is the only charge that implicates all five defendants.  As a result, the conspiracy charge is the charge will likely take the most time to present.  Because the conspiracy charge is the main charge remaining in this matter, the Court finds that the evidence presented at trial for the remaining two defendants would be similar to and, in many instances, duplicative of the evidence that would be offered in a James hearing.  Further,

evidence detailing defendant's role and involvement in the conspiracy would require testimony from at least two government witnesses, one of which would speak to the entire conspiracy, as well as to defendant Griffin's alleged part therein. It would be wasteful, in this instance, to require both witnesses to attend two proceedings to deliver nearly identical testimony. Accordingly, the Court will not conduct the bulk of the trial in the cloak of a James hearing before conducting the full trial before a jury.

The Court will require the government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit the statements, but defendant Griffin's motion for a James hearing (Dkt. # 71) is denied.

**IT IS THEREFORE ORDERED** that defendant Jonathan Michael Griffin's motion for a James hearing (Dkt. # 71) is **denied**.

**DATED** this 27th day of July, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4